Case No. 25-2129

---

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

---

BRIAN PFALZGRAF,

                        Plaintiff-Appellee,

    v.

RUSK COUNTY, WISCONSIN and
BEN REISNER,

                        Defendants-Appellants.

---

Appeal from the United States District Court
for the Western District of Wisconsin
Case No. 3:23-cv-877
The Honorable James D. Peterson

---

## DEFENDANTS-APPELLANTS' REPLY BRIEF

---

Ronald S. Stadler (counsel of record)
Jonathan E. Sacks
STADLER SACKS LLC
Attorneys for Defendants-Appellees
303 North Main Street
West Bend, Wisconsin 53095
(262-304-0610)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 2

I.    DEPUTY REISNER DID NOT FORFEIT HIS ARGUMENT THAT MATERIAL ISSUES OF DISPUTED FACT PRECLUDED THE DISTRICT COURT FROM GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ............................................................................................. 1

II.    SUMMARY JUDGMENT WAS INAPPROPRIATE BECAUSE THE DISTRICT COURT DEFINED THE MISSION OF THE STOP TOO NARROWLY AND IMPERMISSIBLY RESOLVED DISPUTED FACTS ABOUT WHETHER THERE WAS INDEPENDENT REASONABLE SUSPICION TO CONTINUE THE INVESTIGATION ................................. 5

    A.    The District Court improperly resolved genuine issues of material fact as to the scope of the mission and whether Deputy Reisner extended the stop beyond the time reasonably required to complete the mission ...... 6

    B.    The District Court improperly resolved genuine disputes of material fact as to whether Deputy Reisner had independent reasonable suspicion that justified the extension of the stop ..................................................... 7

III.    THE DISTRICT COURT ALSO RESOLVED DISPUTED FACTS IN FINDING THAT DEPUTY REISNER LACKED REASONABLE SUSPICION TO CONDUCT A PROTECTIVE FRISK OF PLAINTIFF .... 11

IV.    WHETHER THERE WAS ARGUABLE REASONABLE SUSPICION TO SUPPORT QUALIFIED IMMUNITY NEEDED TO BE RESOLVED BY THE JURY ....................................................................................................... 15

CONCLUSION............................................................................................................... 17

# TABLE OF AUTHORITIES

**Cases**

*Am. Family Mut. Ins. Co. v. Williams*,
  832 F.3d 645 (7th Cir. 2016) ................................................................... 3

*Aponte v. City of Chi.*,
  No. 09-cv-08082, 2012 U.S. Dist. LEXIS 36210 (N.D. Ill. Mar. 19, 2012) ............. 16

*Bar-Tur v. Arience Capital Mgmt., L.P.*,
  490 F. App'x 392 (2d Cir. 2012) ................................................................ 4

*Coleman v. City of Chi.*,
  No. 18-cv-00998, 2025 U.S. Dist. LEXIS 161623 (N.D. Ill. Aug. 20, 2025) ............. 11

*Grow v. City of Milwaukee*,
  84 F. Supp. 2d 990 (E.D. Wis. 2000) .......................................................... 3

*Hernandez v. Boles*,
  949 F.3d 251 (6th Cir. 2020) .................................................................... 6

*Hildreth v. Butler*,
  960 F.3d 420 (7th Cir. 2020) .................................................................... 2

*Hill v. City of Chi.*,
  No. 20 C 6723, 2023 U.S. Dist. LEXIS 235 (N.D. Ill. Jan. 3, 2023) ...................... 15

*Hoedebecke v. City of Springfield*,
  No. 20-3057, 2022 U.S. Dist. LEXIS 158202 (C.D. Ill. Sep. 1, 2022) ...................... 9

*Humphrey v. Staszak*,
  148 F.3d 719 (7th Cir. 1998) ................................................................... 15

*Marcatante v. City of Chi.*,
  657 F.3d 433 (7th Cir. 2011) .................................................................... 3

*Maxwell v. City of Indianapolis*,
  998 F.2d 431 (7th Cir. 1993) .................................................................... 8

*Morales v. Fry*,
  873 F.3d 817 (9th Cir. 2017) ................................................................... 16

*Nazario v. Gutierrez*,
  Civil Action No. 2:21CV169 (RCY),
  2025 U.S. Dist. LEXIS 150689 (E.D. Va. Aug. 5, 2025) .......................................... 6

*Oliver v. Flahive*,
  No. 20-CV-1129-JPS-JPS, 2022 U.S. Dist. LEXIS 89924 (E.D. Wis. May 2, 2022) . 9

*Pulido v. Reynoso*,
  No. 1:23-cv-01296-TWP-MJD,
  2025 U.S. Dist. LEXIS 105800 (S.D. Ind. June 4, 2025) ........................................ 9

*Reeves v. City of Springfield*,
  No. 23-3168, 2025 U.S. Dist. LEXIS 194270 (C.D. Ill. Oct. 1, 2025) ................... 11

*Rising-Moore v. Wilson*,
  No. 1:03-cv-01813-SEB-VSS,
  2005 U.S. Dist. LEXIS 13955 (S.D. Ind. July 7, 2005) ......................................... 15

*Rodriguez v. United States*,
  575 U.S. 348, 135 S. Ct. 1609, 191 L. Ed. 2d 492 (2015) ........................................ 5

*Ryan v. Chromalloy Am. Corp.*,
  877 F.2d 598 (7th Cir. 1989) ............................................................................... 4, 5

*Ryan v. Koester*,
  78 F. Supp. 3d 935 (C.D. Ill. 2015) ........................................................................ 10

*Schertz v. Waupaca County*,
  875 F.2d 578 (7th Cir. 1989) ........................................................................... 14, 15

*Taylor v. McSo*,
  No. 1:18-cv-02114-TAB-JRS,
  2020 U.S. Dist. LEXIS 59003 (S.D. Ind. Apr. 3, 2020) ........................................ 16

*United States v. Eymann*,
  962 F.3d 273 (7th Cir. 2020) ................................................................................. 12

*United States v. Howard*,
  729 F.3d 655 (7th Cir. 2013) ................................................................................. 12

*United States v. Lewis*,
  920 F.3d 483 (7th Cir. 2019) ............................................................................. 6, 11

*United States v. Olano*,

    507 U.S. 725, 113 S. Ct. 1770, 123 L.Ed.2d 508 (1993) .............................................. 4

*United States v. Ruiz,*
    785 F.3d 1134 (7th Cir. 2015) .......................................................................... 9

*United States v. Smith,*
    32 F.4th 638 (7th Cir. 2022) ........................................................................... 12

*United States v. Tinnie,*
    629 F.3d 749 (7th Cir. 2011) ..................................................................... 13, 14

*United States v. Winters,*
    600 F.3d 963, 968 (8th Cir. 2010) ................................................................. 10

## Other Authorities

7th Circuit Model Jury Instructions,
    "7.06 Fourth Amendment: Terry (investigatory) Stop" ............................................ 8

7th Circuit Model Jury Instructions,
    "7.07 Fourth Amendment: False Arrest – Elements" ............................................... 8

7th Circuit Model Jury Instructions,
    "7.08 Fourth Amendment: False Arrest – Definition of Probable Cause" ................ 8

## INTRODUCTION

Plaintiff-Appellee, Brian Pfalzgraf ("Plaintiff"), argues that this Court should affirm the District Court's ruling granting him partial summary judgment against Defendants-Appellants, Ben Reisner and Rusk County's (collectively "Deputy Reisner"). In doing so, Plaintiff misconstrues the appropriate legal standard and ignores that the District Court engaged in specific fact finding and credibility determinations that should have been left for a jury.

All of Plaintiff's arguments are misguided. First, Deputy Reisner did not waive his right to a jury trial by moving for summary judgment and arguing that he did not believe that the material facts were in dispute. Cross motions for summary judgment do not waive the right to a trial. Second, Plaintiff attempts to narrowly define the scope of Deputy Reisner's mission and, even if the mission was extended, a jury could find that he had independent reasonable suspicion to continue to investigate. Third, on the facts presented, a jury could find that Deputy Reisner had reasonable suspicion to conduct a protective frisk of Plaintiff. Finally, there were disputed issues of fact and credibility determinations that should have been presented to the jury on qualified immunity. This Court should overturn the District Court and remand this case for trial.

**ARGUMENT**

I. **DEPUTY REISNER DID NOT FORFEIT HIS ARGUMENT THAT MATERIAL ISSUES OF DISPUTED FACT PRECLUDED THE DISTRICT COURT FROM GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**

Plaintiff asserts that Deputy Reisner "waived" his right to appeal the District Court's order on partial summary judgment. Plaintiff's argument is misguided and incorrect.

First, Plaintiff's argument that Deputy Reisner "waived" any argument is simply an incorrect application of the law. The facts and procedural history described by Plaintiff would (but don't) implicate forfeiture, not waiver:

> While courts, including ours, have at times used the terms waiver and forfeiture interchangeably, this court recently clarified that forfeiture occurs where, as here, a party inadvertently fails to raise an argument in the district court. *United States v. Flores*, 929 F.3d 443, 447 (7th Cir. 2019) ('Waiver occurs when a party intentionally relinquishes a known right and forfeiture arises when a party inadvertently fails to raise an argument in the district court.').

*Hildreth v. Butler*, 960 F.3d 420, 425 n.3 (7th Cir. 2020). Plaintiff does not argue that there was any intentional relinquishment of a known right in the District Court. Rather, his argument is premised upon an alleged failure to argue "that there were genuine issues of material fact precluding a grant of partial summary judgment to Pfalzgraf." Resp. Br., p. 11. This is a claim of forfeiture, not waiver. There was no forfeiture here as Deputy Reisner fully raised his argument that Plaintiff was not entitled to summary judgment because the undisputed facts showed that his claims failed as a matter of law.

2

Deputy Reisner did not forfeit his argument that genuine issues of material fact precluded summary judgment by filing his own motion for summary judgment before the District Court. *See Marcatante v. City of Chi.*, 657 F.3d 433, 438-39 (7th Cir. 2011). On cross motions for summary judgment this Court reviews each motion separately:

> We review the district court's decision to grant summary judgment *de novo*. *Steimel v. Wernert*, 823 F.3d 902, 910 (7th Cir. 2016). When reviewing cross-motions for summary judgment, we take the motions one at a time and for each one we construe all facts and draw all reasonable inferences in favor of the non-moving party. *Id.* Summary judgment is appropriate only 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' Fed. R. Civ. P. 56(a).

*Am. Family Mut. Ins. Co. v. Williams*, 832 F.3d 645, 648 (7th Cir. 2016). "The fact that one party fails to satisfy that burden on its own motion does not automatically indicate that the opposing party has satisfied its burden and must be granted summary judgment on the other motion." *Grow v. City of Milwaukee*, 84 F. Supp. 2d 990, 996 (E.D. Wis. 2000).

Because each party's summary judgment motion is treated independently, Deputy Reisner was entitled to argue that undisputed facts supported judgment in his favor. Deputy Reisner also defended against Plaintiff's motion for partial summary judgment, arguing that the facts he presented entitled him to judgment as a matter of law and that he defeated Plaintiff's motion. Deputy Reisner argued: "As a matter of law, the video evidence and other undisputed facts demonstrate that the searches did not violate the Fourth Amendment. The Court should deny Plaintiff's motion and grant Deputy Reisner's motion for summary judgment." (R.26, p.2).

The fact that the District Court viewed the facts differently and concluded that the facts presented alternative inferences in favor of Plaintiff is not a forfeiture. Deputy Reisner was not required to argue that there were disputed issues of fact that precluded summary judgment as opposed to arguing that the undisputed facts precluded summary judgment.

The existence of disputed facts was not evident until the District Court made credibility determinations and resolved seemingly undisputed facts against Deputy Reisner. *See Bar-Tur v. Arience Capital Mgmt., L.P.*, 490 F. App'x 392, 395 (2d Cir. 2012) ("Instead of merely ascertaining whether any issues of fact existed for trial, the district court weighed the evidence and resolved the factual dispute on the motion for summary judgment against the non-moving party."). A party cannot forfeit an argument that was not available or apparent to them at the time of proceeding before the District Court. *See United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770, 1777, 123 L.Ed.2d 508, 519 (1993).

Plaintiff argues that *Ryan v. Chromalloy Am. Corp.*, 877 F.2d 598, 603 (7th Cir. 1989), supports his waiver argument, but that case is distinguishable. *Ryan* centered on an ERISA claim that turned on the interpretation of the written instrument governing the plan. *Id.* Specifically, the court reviewed a provision "that the Trust would be terminated if 'all or substantially all' of the assets of an employer were sold." The defendant-employer submitted an affidavit to establish that it had sold all or substantially all its assets to a buyer. *Id.* At summary judgment, the plaintiffs did not dispute this fact. *Id.* This Court held that the plaintiffs could not

raise an argument on appeal that the employer had not sold all or substantially all of its assets. *Id.*

In contrast, Deputy Reisner did not fail to respond to an argument or to dispute any material fact at summary judgment. Rather, he presented the universe of facts and circumstances to the District Court. Some of those facts were the same as those presented by Plaintiff (e.g., the video recording of the stop). Others were not within Plaintiff's personal knowledge (e.g., Deputy Reisner seeing Plaintiff's vehicle at a known drug house). Deputy Reisner did not fail to raise an issue or make a knowing decision to concede certain facts or arguments. Instead, the District Court disregarded facts presented by Deputy Reisner, made credibility determinations about certain facts, and then resolved those disputes against Deputy Reisner.

Because there was no reason or opportunity for Deputy Reisner to argue that disputed issues of fact precluded granting summary judgment for Plaintiff, he is free to make that argument on appeal.

II. **SUMMARY JUDGMENT WAS INAPPROPRIATE BECAUSE THE DISTRICT COURT DEFINED THE MISSION OF THE STOP TOO NARROWLY AND IMPERMISSIBLY RESOLVED DISPUTED FACTS ABOUT WHETHER THERE WAS INDEPENDENT REASONABLE SUSPICION TO CONTINUE THE INVESTIGATION.**

Plaintiff agrees that a traffic stop becomes unlawful if it is prolonged beyond the time reasonably required to complete the stop's original mission. *See Rodriguez v. United States*, 575 U.S. 348, 350-51, 135 S. Ct. 1609, 191 L. Ed. 2d 492 (2015). Whether it does turns on two inquires: (1) was stop extended beyond the scope of the original mission; and (2) if the stop was extended, was there independent reasonable

suspicion to continue the investigation. *United States v. Lewis*, 920 F.3d 483, 491 (7th Cir. 2019).

The District Court improperly resolved disputed issues of fact and made inferences against Deputy Reisner in granting Plaintiff's motion for summary judgment. In doing so, the District Court improperly defined the scope of the mission and improperly found that there was no independent reasonable suspicion to continue the investigation.

### A. The District Court improperly resolved genuine issues of material fact as to the scope of the mission and whether Deputy Reisner extended the stop beyond the time reasonably required to complete the mission.

Plaintiff argues and the District Court found that the mission of the traffic stop ended when Deputy Reisner brushed snow off Plaintiff's license plate. This conclusion ignores that the stop entailed more than the covered license plate. When defining the scope of the mission, it is important to look at the totality of the facts and circumstances facing the officer. Contrary to Plaintiff's argument, when the inferences drawn from those facts are subject to differing interpretations, whether the stop exceeded the scope of the mission is a question for the jury. *See Hernandez v. Boles*, 949 F.3d 251, 258 (6th Cir. 2020) ("Whether the traffic mission was (or should have been) over by the time the dog arrived was a question properly submitted to the jury."); *Nazario v. Gutierrez*, Civil Action No. 2:21CV169 (RCY), 2025 U.S. Dist. LEXIS 150689, at *20 (E.D. Va. Aug. 5, 2025) (noting that relevant question of: "whether a jury could find that the length of the 'mission' of the stop reasonably included investigating the arrestable offense of eluding").

Plaintiff, like the District Court, points to the various factors that informed Deputy Reisner's decision to stop and investigate Plaintiff and then discredits the significance of them. But there was a sufficient factual basis for a reasonable juror to conclude that the scope of the mission included investigating Plaintiff's odd driving pattern. Deputy Reisner pointed out that: Plaintiff was driving around aimlessly in the middle of the night in a rural area; he was intentionally trying to evade law enforcement contacts; he deviated from the main road to side roads for no apparent reason; he went to town for cigarettes but kept driving past the only open store; and he had no logical explanation for why he was driving in that manner. Plaintiff's attempt to provide an innocent explanation for his driving pattern after the fact is immaterial to the analysis. Plaintiff's behavior must be viewed in light of how it appeared to Deputy Reisner at the time it occurred. A reasonable jury could look at Plaintiff's travel route and driving behavior and find them objectively suspicious. At the very least, this was a question for the jury and should not have been resolved on summary judgment.

B. **The District Court improperly resolved genuine disputes of material fact as to whether Deputy Reisner had independent reasonable suspicion that justified the extension of the stop.**

Plaintiff is off base when he claims that independent reasonable suspicion is a question of law that can never be decided by a jury. As explained above, while the majority of the facts were not disputed, the District Court improperly weighed evidence and made credibility determinations to determine if there was independent reasonable suspicion, but those tasks belong to a jury, not a court. If the question of

reasonable suspicion "arises in a damages suit, it is a proper issue for the jury if there is room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them." *Maxwell v. City of Indianapolis*, 998 F.2d 431, 434 (7th Cir. 1993). It is true that when the facts are undisputed and not subject to credibility determination, reasonable suspicion is a judicial question. However, when the District Court discounted Deputy Reisner's observations of Plaintiff and refused to consider his prior sighting of Plaintiff's vehicle at a known drug house, it engaged in fact finding, which is not permissible on a motion for summary judgment.

That this determination is a jury question is borne out by this Court's Model Jury Instructions. This Court's instruction for Fourth Amendment false arrest claims specifically envisions a jury deciding whether there was probable cause to arrest a suspect. *See* 7th Circuit Model Jury Instructions, "7.07 Fourth Amendment: False Arrest – Elements." Likewise, there is a jury instruction that provides the jury with the legal definition of probable cause and asks them to apply the facts to that legal standard. *See* "7th Circuit Model Jury Instructions, 7.08 Fourth Amendment: False Arrest – Definition of Probable Cause." Finally, although in the context of *Terry* stops, this Court has an instruction informing the jury how to decide whether there was reasonable suspicion to stop a suspect. *See* 7th Circuit Model Jury Instructions, "7.06 Fourth Amendment: Terry (investigatory) Stop."

Courts within this Circuit regularly submit the question of reasonable suspicion to the jury when officer testimony was subject to credibility determinations. For example, the Eastern District of Wisconsin explained:

These disputed facts and credibility determinations are material. In other words, the factfinder must determine whether Flahive smelled marijuana *immediately* upon approaching the vehicle (as opposed to four minutes later, as indicated by the body-camera footage), thus creating reasonable suspicion to prolong the stop and deviate from the traffic violation *right away*. In the same vein, the factfinder must determine whether the way the purse was wrapped created reasonable suspicion of retail theft to prolong the stop and deviate from the traffic violation *right away*. These issues are for the factfinder to resolve. *See, e.g., Crews v. Martinez*, No. 19-cv-3277, 2022 U.S. Dist. LEXIS 59935, 2022 WL 972289, at *6 (N.D. Ill. Mar. 31, 2022) (construing the facts in the light most favorable to the non-movant on summary judgment, officer's unilateral assertion that he smelled marijuana and plaintiff's assertion that this was a pretext to search the vehicle was a question for the jury). If the jury finds Flahive's statements regarding the smell of marijuana and retail theft credible, however, then Flahive will have established reasonable suspicion as a matter of law.

*Oliver v. Flahive*, No. 20-CV-1129-JPS-JPS, 2022 U.S. Dist. LEXIS 89924, at *28-29 (E.D. Wis. May 2, 2022); *see also Pulido v. Reynoso*, No. 1:23-cv-01296-TWP-MJD, 2025 U.S. Dist. LEXIS 105800, at *8 (S.D. Ind. June 4, 2025) ("The sole remaining question for the jury is whether Officer Reynoso had reasonable suspicion for the traffic stop."); *Hoedebecke v. City of Springfield*, No. 20-3057, 2022 U.S. Dist. LEXIS 158202, at *23 (C.D. Ill. Sep. 1, 2022) ("[T]here exist issues of fact for a jury on the question of whether Officer Spengel had either a reasonable suspicion or probable cause to stop and arrest Plaintiff.").

Reasonable suspicion requires "specific and articulable facts which, taken together with rational inferences from those facts suggest criminal activity." *United States v. Ruiz*, 785 F.3d 1134, 1141 (7th Cir. 2015). At summary judgment, Deputy Reisner articulated the facts and circumstances before him during the traffic stop and

investigation that gave rise to independent reasonable suspicion. He provided the following facts and argued that they created a rational inference of criminal activity:

- Plaintiff's odd driving pattern where he was driving around aimlessly late at night;
- Plaintiff was in a heightened emotional state and was more agitated than an average person would be for a stop involving a minor traffic violation;
- Plaintiff had dilated pupils that were not constricting when exposed to Deputy Reisner's flashlight;
- Plaintiff appeared to have dry "cotton" mouth;
- Plaintiff offered inconsistent explanations for his odd driving pattern;
- Plaintiff told Deputy Reisner that he decided not to go to Kwik Trip because he saw police officers parked there; and
- Deputy Reisner had seen Plaintiff's truck parked in front of a residence that was well known to be a place where drug trafficking took place.

(R.12, ¶¶8-14, 20-21, 23-34, 45-46, 85).

Plaintiff argues that the District Court did not make credibility determinations when it discounted these facts, but that is exactly what it did. The District Court discounted Deput Reisner's observations about Plaintiff's pupils and voice. A law enforcement officer does not need to be a drug recognition expert to observe obvious signs of drug impairment. *See Ryan v. Koester*, 78 F. Supp. 3d 935, 941 (C.D. Ill. 2015) ("It is undisputed that dilated pupils are a sign of cannabis impairment."); *United States v. Winters*, 600 F.3d 963, 968 (8th Cir. 2010) (finding that dilated pupils was a factor that could be considered in finding probable cause to search).

The District Court refused to consider Deputy Reisner's prior observation of Plaintiff's vehicle at a known drug house because of its concern that it was not noted in his incident report. But the District Court's determination was clearly based upon its determination of what facts were credible and weighing the competing inferences

10

about Plaintiff's driving pattern and avoidance of law enforcement in a manner that failed to construe them in the light most favorable to the non-moving party.

Plaintiff attempts to discount the significance of these facts and inferences but views them in isolation in doing so. While these facts in isolation may not independently give rise to reasonable suspicion, reasonable suspicion looks at the totality of the facts and circumstances. *Lewis*, 920 F.3d at 492-93. Reasonable minds could draw different conclusions from the totality of this evidence. The District Court should have presented this question to the jury for resolution. Deputy Reisner was entitled to a jury trial on this issue.

## III. THE DISTRICT COURT ALSO RESOLVED DISPUTED FACTS IN FINDING THAT DEPUTY REISNER LACKED REASONABLE SUSPICION TO CONDUCT A PROTECTIVE FRISK OF PLAINTIFF.

Again, Plaintiff is wrong when he argues that whether there was reasonable suspicion for a frisk is always a question of law for the court to decide. Whether law enforcement action is supported by reasonable suspicion "is usually a question of fact decided by the jury." *Reeves v. City of Springfield*, No. 23-3168, 2025 U.S. Dist. LEXIS 194270, at *16 (C.D. Ill. Oct. 1, 2025). Courts have consistently held that "the question of probable cause [or reasonable suspicion] arises in a damages suit, it is a proper issue for the jury if there is room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them." *Coleman v. City of Chi.*, No. 18-cv-00998, 2025 U.S. Dist. LEXIS 161623, at *154-55 (N.D. Ill. Aug. 20, 2025). As explained above, this Court's jury instructions contemplate the reasonable suspicion inquiry being presented to a jury.

The relevant inquiry is "whether the frisk was reasonable on the facts known to the officer at the relevant moment." *United States v. Howard*, 729 F.3d 655, 662 (7th Cir. 2013). The propriety of the frisk turns on whether Deputy Reisner "had reasonable suspicion to believe that [Plaintiff], at the moment he frisked him, was a threat to officer safety." *Id.* Just like in other situations requiring reasonable suspicion, the analysis must consider the "totality of the circumstances" of each case. *United States v. Eymann*, 962 F.3d 273, 282 (7th Cir. 2020). "What matters is whether a reasonable officer would fear for his safety at that moment in time." *United States v. Smith*, 32 F.4th 638, 643 (7th Cir. 2022).

As a starting point, it is irrelevant that Deputy Reisner later stated during a deposition that looking back on the encounter, he did not have a subjective belief that Plaintiff was dangerous. *See id.* ("[A]n officer's subjective beliefs are irrelevant to the reasonable suspicion inquiry."). A jury can look at the facts and circumstances facing Deputy Reisner at the moment of the frisk and conclude that a reasonable officer would have feared for his safety at that moment in time.

The facts and circumstances presented to Deputy Reisner at the time of the frisk included:

- The stop took place in a rural, remote area;
- It was the middle of the night;
- Plaintiff was not handcuffed at the time of the frisk;
- Plaintiff would be free to move around while Deputy Reisner conducted an exterior sniff with his K9 partner;
- Plaintiff was visibly agitated;
- Plaintiff is a very large man (six feet two inches tall and 265 pounds);
- Plaintiff had his hands in his pockets;
- Plaintiff had been reaching to the passenger side of the cab before exiting the truck;

- Deputy Reisner suspected Plaintiff of being under the influence or in possession of drugs based on the factors discussed above;
- Deputy Reisner had seen Plaintiff's truck at a house that he knew to be a place of drug trafficking; and
- Deputy Reisner was aware that many residents of Rusk County carry concealed weapons.

(R.12, ¶¶7, 14-43, 85); (R.13-3).

Plaintiff attempts to discredit these concerns but does so again in isolation, without considering the collective weight of each of these factors. And the District Court, while looking at each factor, overstepped its bounds and made credibility determinations as to Deputy Reisner's observations, his knowledge that Plaintiff frequented a known drug house, and about Plaintiff's appearance and demeanor during the stop. Reasonable minds could differ in the interpretation of these facts, and this requires a jury to resolve the question of reasonable suspicion.

The facts and circumstances facing Deputy Reisner are comparable to those facing law enforcement who frisked the criminal defendant in *United States v. Tinnie*:

> In this case, the totality of the circumstances justified frisking Tinnie. The stop occurred late on a Friday night in a high-crime neighborhood. And Kaiser testified at the suppression hearing that the driveway into which Tinnie had pulled was 'dimly lit just from road lighting.' *See, e.g., Oglesby*, 597 F.3d at 893 (holding that the totality of the circumstances justified a frisk, in part, because it 'occurred at night in a location that was known to the officers to be a high-crime area plagued by drug trafficking and gun violence'). Kaiser was part of a Special Focus Unit charged with patrolling higher crime areas and, as the district court found, was thus familiar with the risk of gun possession in that area. *See United States v. Lawshea*, 461 F.3d 857, 859 (7th Cir. 2006) (holding that the experience of the officer is a factor considered in judging whether reasonable suspicion justifies a frisk). As the district court also found, Tinnie acted suspiciously by moving around nervously as the officers approached the car. *See, e.g., United States v. Brown*, 273 F.3d 747, 748-49 (7th Cir. 2001) (finding that the totality of the facts, including the defendant's 'movements in the car,' justified 'a

limited patdown for weapons'). Then, after stating he had an identification card, Tinnie told Kaiser (without checking his pockets) that he did not have the identification card. *See, e.g., Cady v. Sheahan*, 467 F.3d 1057, 1061-62 (7th Cir. 2006) (noting that evasive responses to police questions can help support reasonable suspicion). Tinnie also stated he was 28 and Kaiser immediately perceived that 'with the date of birth that he had given me, he could have only been 27 at the time.' *See, e.g., United States v. Marrocco*, 578 F.3d 627, 633-34 (7th Cir. 2009) (concluding that inconsistent answers to the officer's questions was a factor supporting reasonable suspicion that a suitcase contained drugs); *United States v. Thomas*, 87 F.3d 909, 912 (7th Cir. 1996) (stating that defendant's contradictory answers to simple questions was a factor supporting reasonable suspicion justifying detention of defendant's suitcase.) And before frisking Tinnie, Kaiser asked him whether he had any weapons or drugs and Tinnie did not respond. Kaiser rephrased the question slightly, asking Tinnie 'if he had any weapons on him, any guns, or anything that would poke my hands.' Again, Tinnie did not respond, but when Kaiser then asked if Tinnie had any drugs on him, Tinnie immediately said no. Coupled with the earlier suspicious circumstances, Tinnie's silence when twice asked if he had any weapons, but his immediate denial of possessing drugs, provided Kaiser with reasonable suspicion that Tinnie was armed and thus justified the frisk.

629 F.3d 749, 752 (7th Cir. 2011). In *Tinnie*, this Court upheld the District Court finding that: "Given everything that took place prior to the frisk, as well as the time and location of the stop, a reasonable officer could conclude that there was reasonable suspicion that Tinnie was armed and that a frisk was necessary to assure the officers' safety." *Id.* at 753. While any of these factors standing alone may have been insufficient to justify the protective frisk, the totality of the circumstances, just like the totality of the circumstances facing Deputy Reisner, created reasonable suspicion.

Plaintiff's motion for summary judgment should have been denied as to the protective frisk claim because there was "room for a difference of opinion" as to whether the totality of the circumstances supported Deputy Reisner's reasonable

suspicion. *Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir. 1989). Deputy Reisner was entitled to a jury trial on this issue.

## IV. WHETHER THERE WAS ARGUABLE REASONABLE SUSPICION TO SUPPORT QUALIFIED IMMUNITY NEEDED TO BE RESOLVED BY THE JURY.

Plaintiff misunderstands Deputy Reisner's argument on qualified immunity. In the Fourth Amendment context the question of qualified immunity turns on whether there was "arguable reasonable suspicion" or "arguable probable cause." *Hill v. City of Chi.*, No. 20 C 6723, 2023 U.S. Dist. LEXIS 235, at *12 (N.D. Ill. Jan. 3, 2023). The arguable reasonable suspicion standards protect officers if they make a reasonable mistake in determining whether reasonable suspicion exists for a search. *See Humphrey v. Staszak*, 148 F.3d 719, 725 (7th Cir. 1998). As explained above, the District Court rejected Deputy Reisner's claim that there were undisputed facts in his favor and then resolved issues of fact against him and made credibility determinations as to whether reasonable suspicion existed to extend the stop and to conduct the protective frisk.

If a jury resolved some or all of those credibility determinations in Deputy Reisner's favor, then arguable reasonable suspicion could be found. *See Rising-Moore v. Wilson*, No. 1:03-cv-01813-SEB-VSS, 2005 U.S. Dist. LEXIS 13955, at *37 (S.D. Ind. July 7, 2005) ("Because the parties offer contrasting accounts of these material facts on which the existence of either actual or arguable probable cause turns, we cannot rule on the false arrest issue and summary judgment is thus inappropriate.").

The factual basis to determine whether qualified immunity is appropriate can be developed through testimony and the presentation of evidence to the jury. *See Taylor v. McSo*, No. 1:18-cv-02114-TAB-JRS, 2020 U.S. Dist. LEXIS 59003, at *13 (S.D. Ind. Apr. 3, 2020); *Aponte v. City of Chi.*, No. 09-cv-08082, 2012 U.S. Dist. LEXIS 36210 (N.D. Ill. Mar. 19, 2012). When the qualified immunity issue goes to trial, the jury decides the issues of historical facts that are determinative of the qualified immunity defense and the court decides the clearly established inquiry. *See Morales v. Fry*, 873 F.3d 817, 824-25 (9th Cir. 2017).

The District Court erred in resolving disputed issues of material fact as to whether Deputy Reisner was entitled to qualified immunity. Resolution of those facts should have been in the hands of the jury to determine if Deputy Reisner had arguable reasonable suspicion to extend the investigation and conduct the frisk. The factual disputes about qualified immunity should have been preserved for trial.

## CONCLUSION

For the reasons set forth above, Deputy Reisner respectfully requests that this Court reverse the order of the District Court granting Plaintiff's motion for partial summary judgment and remand this case for a trial on liability.

Dated this 11th Day of November, 2025.

STADLER SACKS LLC
Attorneys for Defendants-Appellants

By: /s/ Ronald S. Stadler
Ronald S. Stadler
State Bar No. 1017450
Jonathan E. Sacks
State Bar No. 1103204

303 B North Main Street
West Bend, WI 53095
telephone: 262-304-0610
e-mail: rss@stadlersacks.com
jes@stadlersacks.com

## CERTIFICATE OF COMPLIANCE WITH F.R.A.P. RULE 32(a)(7)

The undersigned, counsel of record for the Defendants-Appellants furnishes the following in compliance with F.R.A.P. Rule 32(a)(7):

I hereby certify that this Reply Brief conforms to the rules contained in F.R.A.P. Rule 32(a)(7) for a brief produced with a proportionally spaced serif font. The length of the brief is 4,553 words.

Dated this 11th Day of November, 2025.

STADLER SACKS LLC
Attorneys for Defendants-Appellants

By:      /s/ Ronald S. Stadler
         Ronald S. Stadler
         State Bar No. 1017450
         Jonathan E. Sacks
         State Bar No. 1103204

303 B North Main Street
West Bend, WI 53095
telephone: 262-304-0610
e-mail: rss@stadlersacks.com
        jes@stadlersacks.com

## CIRCUIT RULE 31(e)(1) CERTIFICATION

I certify that the full contents of this Reply Brief, from cover to conclusion, has been electronically filed on November 11, 2025.

Dated this 11th Day of November, 2025.

STADLER SACKS LLC
Attorneys for Defendants-Appellants

By:    /s/ Ronald S. Stadler
        Ronald S. Stadler
        State Bar No. 1017450
        Jonathan E. Sacks
        State Bar No. 1103204

303 B North Main Street
West Bend, WI 53095
telephone: 262-304-0610
e-mail: rss@stadlersacks.com
       jes@stadlersacks.com

## CERTIFICATE OF SERVICE

The undersigned, counsel of record for the Defendants-Appellants hereby certifies that on November 11, 2025, an electronic copy of the Appellants' Reply Brief was served on counsel for Plaintiff-Appellee.

Dated this 11th Day of November, 2025.

STADLER SACKS LLC
Attorneys for Defendants-Appellants

By:    /s/ Ronald S. Stadler
        Ronald S. Stadler
        State Bar No. 1017450
        Jonathan E. Sacks
        State Bar No. 1103204

303 B North Main Street
West Bend, WI 53095
telephone: 262-304-0610
e-mail: rss@stadlersacks.com
       jes@stadlersacks.com